(Appeal from Order of Erie County Family Court, Rosa, J.—Visitation.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SKUSE, Appellant. (Appeal No. 1.) [661 NYS2d 575] —Judgment unanimously affirmed. Memorandum: Defendant appeals from judgments convicting him of murder in the second degree (two counts), burglary in the first degree (two counts), robbery in the first degree, attempted robbery in the first degree (three counts), criminal possession of a weapon in the second and third degrees and petit larceny. Defendant failed to preserve for our review his contention that statements made by the prosecutor during summation deprived him of a fair trial (see, CPL 470.05 [2]; People v Dawson, 50 NY2d 311, 324). In any event, there is no merit to his contention.

In light of the violent nature of the crimes for which defendant was convicted and his extensive criminal history, we conclude that Supreme Court did not abuse its discretion in imposing consecutive terms of imprisonment and that the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present—Pine, J. P., Callahan, Doerr, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SKUSE, Appellant. (Appeal No. 2.) [661 NYS2d 576] —Judgment unanimously affirmed. Same Memorandum as in People v Skuse (239 AD2d 872 [decided herewith]). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Pine, J. P., Callahan, Doerr, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL STONE, Appellant. [659 NYS2d 674] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in denying defendant's challenge for cause of a prospective juror who defendant contended was unfit to serve (see, People v Holder, 204 AD2d 482, lv denied 83 NY2d 968). Further, defendant was not prejudiced when the court excused the prospective juror based upon the People's peremptory challenge (see, CPL 270.20 [2]). Similarly, the court properly exercised its discretion in denying the challenge of defendant for cause of another prospective juror because his responses to the questions of defense counsel did not indicate that he possessed "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence ad-